IN THE

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

No. 25-10834

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

Versus

ALLEN J. PENDERGRASS,

Defendant-Appellant.

———————————————————————————————

A DIRECT APPEAL OF A CRIMINAL SENTENCE
FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

———————————————————————————————

INITIAL BRIEF

SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
404-433-0855

SYDNEY R. STRICKLAND
Sydney Rene Strickland
Strickland Webster, LLC
Suite 510-203
830 Glenwood Ave., S.E.
Atlanta, GA 30316
404-590-7967

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

versus                                  APPEAL NO. 25-10834

ALLEN J. PENDERGRASS,

     Defendant - Appellant.

_____/

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

Counsel hereby certifies that the following may have an interest in

the outcome of this appeal:

Actor's Express – Victim;

Anand, Justin S. – United States Magistrate Judge, Northern District of
Georgia;

Ashley, Frederick – Victim;

Bone, James H. – Victim;

Brown, Jeffrey Aaron – Assistant United States Attorney;

Buchanan, Ryan J. – Former United States Attorney, Northern District
of Georgia;

Chartash, Randy Scott – Assistant United States Attorney;

Citronberg, Robert H. – Former counsel for Defendant/ Appellant;

City of Atlanta Finance Department, Georgia – Victim;

City of Fort Collins, Colorado – Victim;

Comer, Lou – Victim;

Durrett, Saraliene – Counsel for Defendant/ Appellant;

Georgia Municipal Association – Victim;

Harris County, Texas- Victim;

Hertzberg, Theodore, United States Attorney, Northern District of Georgia;

Johnson, Coleman & Stephenson LLC – Victim;

King, Tracia M. – Assistant United States Attorney;

Larkins, John K. III – United States Magistrate Judge, Northern District of Georgia;

Long, Weinbery, Ansley & Wheeler – Victim;

McQueen, Terrell – Co-Defendant

Pendergrass, Allen J. – Defendant/Appellant;

Salinas, Catherine M. – United States Magistrate Judge, Northern District of Georgia;

Stolze, Teresa Marie – Assistant United States Attorney;

Strickland, Sydney – Counsel for Defendant/ Appellant;

Toson, Sonia – Victim;

Totenberg, Amy – United States District Judge, Northern District of Georgia.

No publicly-traded company or corporation has an interest in the outcome of this appeal or case.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Rule 34(a), F.R.A.P., the Defendant-Appellant requests oral argument because it would significantly aid in the decisional process.

i

## STATEMENT OF TYPE SIZE AND STYLE

Pursuant to Eleventh Circuit Rule 28-2 (d), counsel for Appellant hereby certifies that the size and style of type used in this brief is Book Antiqua 14 PT.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS.................................................. C1

STATEMENT REGARDING ORAL ARGUMENT...........................................i

STATEMENT OF TYPE SIZE AND STYLE......................................................ii

TABLE OF CONTENTS...............................................................................iii

STATEMENT OF JURISDICTION................................................................vii

STATEMENT OF THE ISSUE ........................................................................ 1

STATEMENT OF THE CASE......................................................................... 2

   I.   Course of Proceedings ........................................................................ 2

   II.  Statement of Facts............................................................................... 3

STANDARDS OF REVIEW ........................................................................... 8

SUMMARY OF THE ARGUMENT.................................................................. 9

ARGUMENT AND CITATIONS OF AUTHORITY ...................................... 10

   I.   The trial court plainly erred in its determination that it could not
impose a sentence of home confinement to satisfy the mandatory
minimum sentence required under 18 U.S.C. § 1028A. ............................ 10

      a.  It was plain error to find that home confinement was not and
available sentence in this case........................................................... 10

      b.  The court's error affected Mr. Pendergrass' substantial rights........ 16

      c.  The court's error seriously affects the fairness and integrity of the
sentencing hearing. ........................................................................... 18

CONCLUSION ........................................................................................... 19

CERTIFICATE OF COMPLIANCE ............................................................... 20

CERTIFICATE OF SERVICE......................................................................... 21

TABLE OF AUTHORITIES

SUPREME COURT CASES

*Cheng Fan Kwok v. INS*, 392 U.S. 206 (1968)....................................................... 15

*Rosales-Mireles v. United States*, 585 U.S. 129 (2018).................................. 18, 19

CASES

*Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000) .................................................. 15

*Herrera v. U.S. Att'y Gen.*, 811 F.3d 1298 (11th Cir. 2016)................................ 11

*Ilchuk v. Att'y Gen.*, 434 F.3d 618 (3d Cir. 2006) ................................................ 11

*Roy v. United States*, 347 F. Supp. 3d 230 (S.D.N.Y. 2018) .............................. 11

*United States v. Alvear*, 93 F. App'x 319 (2d Cir. 2004) .................................... 13

*United States v. Delloiacono*, 900 F.2d 481 (1st Cir. 1990)................................ 14

*United States v. Ferguson*, 369 F.3d 847 (5th Cir. 2004)............................. 11, 12

*United States v. Givens*, 2006 WL 3390752 (D. Neb. Nov. 22, 2006) ............... 14

*United States v. Hawkins*, 934 F.3d 1251 (11th Cir. 2019) ................................... 8

*United States v. Hernandez*, 2016 WL 316852 (S.D.N.Y. Jan. 26, 2016) ........... 14

*United States v. Hok Kwai Chau*, 101 F.3d 684, 1996 WL 266251 (2d Cir. 1996)

   ................................................................................................................... 14

*United States v. Ko*, 739 F.3d 558 (10th Cir. 2014) ........................................... 12

*United States v. Leaphart*, 98 F.3d 41 (2d Cir. 1996).......................................... 13

iv

*United States v. Lewis*, 226 F. App'x 830 (10th Cir. 2007) ................................ 13

*United States v. Lopez-Pastrana*, 889 F.3d 13, 18-19 (1st Cir. 2018) ................. 13

*United States v. Minor*, 440 F. App'x 479 (6th Cir. 2011) ................................. 13

*United States v. Montigue*, 357 F. Supp. 2d 939 (E.D. Va. 2005) ...................... 14

*United States v. Pendergrass*, No. 22-13018, 2025 WL 78172 (11th Cir. January

13, 2025) ........................................................................................................ 3

*United States v. Smith*, 231 F.3d 800 (11th Cir. 2000) ......................................... 8

*United States v. Sykes*, 46 F.3d 869 (8th Cir. 1995) ............................................ 14

*United States v. T.M.*, 330 F.3d 1235 (9th Cir. 2003) ........................................ 13

*United States v. Taylor*, 550 F. App'x 819 (11th Cir. 2013) ......................... 11, 12

*United States v. Walker*, 918 F.3d 1134 (10th Cir. 2019) ................................... 13

STATUTES

18 U.S.C. § 1028A .............................................................. 1, 10, 11, 14, 15

18 U.S.C. § 1956 .......................................................................................... 4

18 U.S.C. § 3563 ........................................................................................ 12

18 U.S.C. § 3583 ........................................................................................ 12

18 U.S.C. § 3624 ........................................................................................ 12

18 U.S.C. § 751 .......................................................................................... 12

28 U.S.C. § 1291 .................................................................................. vii, 9

RULES

Eleventh Circuit Rule 28-2..............................................................................ii

Federal Rule of Appellate Procedure 32 ......................................................... 20

Federal Rule of Appellate Procedure 34 ............................................................i

Federal Rule of Appellate Procedure 4 ...........................................................vii

Federal Rule of Criminal Procedure Rule 52.................................................. 18

OTHER AUTHORITIES

Public Law 108-275, 118 STAT. 831 ................................................................ 15

United States Sentencing Guideline § 2B1.1. ..................................................... 3

United States Sentencing Guideline § 2S1.1 ...................................................... 4

United States Sentencing Guideline § 5C1.1.......................................11, 12, 16

United States Sentencing Guideline § 5F1.2 .......................................10, 12, 16

## STATEMENT OF JURISDICTION

The Eleventh Circuit Court of Appeals has jurisdiction to consider this case pursuant to 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 4. This case involves a direct appeal of a sentence imposed in the United States District Court for the Northern District of Georgia, Atlanta Division.

## STATEMENT OF THE ISSUE

I.    The trial court plainly erred in its determination that it could not impose a sentence of home confinement to satisfy the mandatory minimum sentence required under 18 U.S.C. § 1028A.

## STATEMENT OF THE CASE

### I.    Course of Proceedings

On June 27, 2017, Mr. Pendergrass and co-defendant Terrell McQueen were indicted on charges of mail fraud (counts 1-5), money laundering conspiracy (count 6), and aggravated identity theft (counts 7-10). (Doc. 1). The charges were based on an alleged scheme whereby Mr. Pendergrass and Mr. McQueen, while operating the businesses Asset Financial Recovery, LLC, and Guishard, Wilburn, and Shorts, LCC, sought to defraud the City of Atlanta and other municipal governments by requesting lists of unclaimed funds, mailing correspondence and limited power of attorney forms with forged signatures fraudulently claiming that one of their companies was acting on behalf of the owner of the unclaimed funds, and depositing the fraudulently obtained funds into banks accounts they controlled. (Doc. 1).

Mr. Pendergrass pleaded not guilty and proceeded to trial. Mr. McQueen testified at the trial and Mr. Pendergrass was convicted of all counts. (Docs. 240, 250).  He was sentenced to a total term of forty-six months in prison. (Doc. 289).

This Court affirmed Mr. Pendergrass' convictions but reversed and remanded for re-sentencing because the district court failed to permit Mr. Pendergrass to allocute at his sentencing hearing. *United States v. Pendergrass*, No. 22-13018, 2025 WL 78172 (11th Cir. January 13, 2025). A new sentencing hearing was held. Mr. Pendergrass was permitted to allocute, but no new argument was made by counsel. Based on his allocution, the court reduced his sentence to thirty months in custody with six months of supervised release to follow. (Doc. 338). Mr. Pendergrass filed a pro se notice of appeal and present counsel was appointed for this appeal.

Mr. Pendergrass remains incarcerated.

II.    Statement of Facts

At Mr. Pendergrass' re-sentencing hearing, the court relied on the same guidelines calculation that it made at the first sentencing hearing. (Doc. 348 at 10). The court had previously determined that Mr. Pendergrass was responsible for a loss amount of $221,298.36. (Doc. 316 at 25-66). For the mail fraud counts, Counts 1-5, the base offense level was 7, pursuant to U.S.S.G. § 2B1.1.  (PSR at ¶ 36). Ten levels were added for the amount of loss. (Doc. 316 at 65). Two levels were added based on the use of sophisticated means and another 2 levels were added pursuant to § 2B1.1(b)(11)(A)(ii) for

use of an authentication feature.  (Doc. 316 at 66; PSR ¶ 39). Another 2 points were added, pursuant to § 3B1.1(a), for leadership role.  (Doc. 316 at 66). This yielded an offense level of 23 for Counts 1-5. (Doc. 316 at 66).

For Count 6, money laundering conspiracy, the base offense level was 23, pursuant to United States Sentencing Guideline § 2S1.1.  (Doc. 316 at 66). Then two points were added for the 18 U.S.C. § 1956 conviction.  (Doc. 316 at 66). This yielded a total offense level of 25. (Doc. 316 at 66). For the aggravated identity theft counts, the guideline sentence was the term of imprisonment required by statute, two years.  (PSR ¶ 56).

Mr. Pendergrass had a criminal history score of three, which established a criminal history category of II. (PSR ¶¶ 62, 64, 65). The final guideline range at both sentencing hearings was 63 to 78 months, plus 24 months consecutive, for a total of 87 to 102 months. (Doc. 316 at 66; Doc. 348 at 10).

At his resentencing hearing on February 24, 2025, Mr. Pendergrass addressed the court. (Doc. 348 at 3-8). He began by apologizing to the court, the government, and the victims. (*Id.* at 3). He indicated that, although he had taken his case to trial, he accepted responsibility for his offenses, and this experience had "imparted a valuable lesson in humility and gratitude,"

as well as honesty. (*Id.* at 4). He noted that he held full-time employment during the entire duration of his release—including while on bond prior to trial and while the case was on appeal—and he had not had any encounters with law enforcement. (*Id.* at 7). Finally, Mr. Pendergrass informed the court that he was working with his daughter on a project to build "16 tiny homes for individuals facing homelessness," and had recently received an investment for the project. (*Id.* at 5-7).

As part of his allocution, Mr. Pendergrass requested that the court "consider a plea or partial reduction of my sentence with the remainder to be served under home confinement." (*Id.* at 7). When addressing this issue, the court recognized that Mr. Pendergrass wanted to serve his sentence "at home" but it stated, "I think that the mandatory minimum doesn't authorize me to do that and -- unless somebody has authority to the contrary. And I haven't -- no one has presented that to me or suggested it to me via any filings I mean." (*Id.* at 11). Defense counsel noted that she had not filed anything in anticipation of the second sentencing hearing because "My understanding was that I couldn't." (*Id.* at 11). However, counsel did note that "there might be some authority that home confinement can be a

5

substitute for a prison sentence." (*Id*. at 11).[1]  The court responded that it did

not know that to be true for mandatory minimum sentences and stated:

> I think that is the one thing that is clear to me, I guess, at this juncture is I have to impose the mandatory minimum, recognizing full well that the defendant has clearly worked hard on being a member of the community at this juncture, of engaging with his daughter in this marvelous project of helping homeless and giving a -- one of the profound challenges of our community, in fact. So that creating 18 homes for the homeless would be -- is an extraordinary benefit to the community. And so I want to recognize that.

(*Id*. at 11). The court then discussed Mr. Pendergrass' age (70) and the long

delays in the case, noting that it had been proceeding for thirteen years. (*Id*.

at 11). The court continued:

> [I]t is an odd process when you only get to hear from the defendant at this point and we don't get to sort of review the entire set of circumstances. But I have given some serious thought to this about how to proceed. First of all, I am required, as I said, to impose the two-year sentence.
>
> And upon reflection about this, I simply don't think that there's much more to be achieved at this juncture by a significant punishment and the age of the defendant. So I will impose an additional six months in connection with the other charges . . . .

---

[1]    Despite the fact that counsel's initial sentencing memorandum, which was filed before the first sentencing hearing, argued that home confinement can be a substitute for prison, neither the court nor counsel addressed this memorandum or the issues raised in it at the second sentencing hearing. (Doc. 286 at 17-22; Doc. 348 at 11).

(*Id*. at 13). When explaining the sentence, the court stated, "I don't have any way of getting around the reality of the fact that there is a mandatory sentence here. And the other six months I have to really address but are not greater than necessary indeed still to punish you for the crimes committed. (*Id*. at 15).

Mr. Pendergrass now appeals the court's sentence and its determination that home confinement cannot be used to satisfy a mandatory minimum sentence.

<u>STANDARDS OF REVIEW</u>

This Court reviews the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Smith*, 231 F.3d 800, 806-07 (11th Cir. 2000).

Issues raised for the first time on appeal are reviewed for plain error. *United States v. Hawkins*, 934 F.3d 1251, 1264 (11th Cir. 2019). To establish plain error, a defendant must show that (1) there was an error, (2) the error was plain, and (3) the error affects substantial rights. *Id*. at 1019. If these three conditions are met, this Court has discretion to recognize an unpreserved error if the (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (alteration accepted) (quotation marks omitted).

## SUMMARY OF THE ARGUMENT

The trial court plainly erred in its determination that it could not impose a sentence of home confinement to satisfy the mandatory minimum sentence required under 18 U.S.C. § 1028A. As a result, the sentence imposed was procedurally unreasonable.

ARGUMENT AND CITATIONS OF AUTHORITY

I.    The trial court plainly erred in its determination that it could not impose a sentence of home confinement to satisfy the mandatory minimum sentence required under 18 U.S.C. § 1028A.

At his sentencing hearing, Mr. Pendergrass explicitly asked the court to consider imposing a sentence of home confinement in his case. The court denied his request because it believed it was not authorized to impose such a sentence. (Doc. 348 at 11). This determination by the court was plainly erroneous and the error affected his substantial rights because it is clear from the record that the court would have imposed a sentence of home confinement if it believed it was permitted to do so.

a.  It was plain error to find that home confinement was not and available sentence in this case.

A conviction for aggravated identity theft requires a mandatory 24-month sentence, to be run consecutively to any sentence imposed on the underlying crime. 18 U.S.C. § 1028A(a)(1), (b)(2). However, this sentence may be served via home detention. The Sentencing Guidelines provide that home detention may be imposed "as a condition of probation or supervised release, but only as a substitute for imprisonment." U.S.S.G. § 5F1.2. In the "Schedule of Substitute Punishments," the Guidelines also provide that the

10

court may be substitute "[o]ne day of home detention for one day of imprisonment." U.S.S.G. § 5C1.1(e)(3).

Although this Court does not appear to have specifically addressed whether the 24-month sentence required by § 1028A could be satisfied by home detention, it has issued at least two opinions suggesting that home detention could be used to meet a mandatory term of imprisonment.

First, in an immigration case, the Court held that:

House arrest is given equal credit as imprisonment under the Sentencing Guidelines. The Board [of Immigration Appeals] reasonably concluded that house arrest, as a punitive measure that involves "a serious restriction of liberty," constitutes confinement and is a "term of imprisonment" under the Act.

*Herrera v. U.S. Att'y Gen.*, 811 F.3d 1298, 1301 (11th Cir. 2016); *see also Ilchuk v. Att'y Gen.*, 434 F.3d 618, 623 (3d Cir. 2006); *Roy v. United States*, 347 F. Supp. 3d 230, 240 (S.D.N.Y. 2018).

Second, in *United States v. Taylor*, 550 F. App'x 819, 821 (11th Cir. 2013), the Court adopted the holding of the Fifth Circuit in *United States v. Ferguson*, 369 F.3d 847, 852 (5th Cir. 2004). *Ferguson* held that, when the district court imposed a term of incarceration as well as a term of home detention that combined to exceed the maximum statutory term of incarceration, the district court erred. This holding resulted from the fact that the Fifth Circuit

11

treated the period of home detention as a form of incarceration. *Ferguson*, 369

F.3d at 851. *Taylor* held the same: "Home detention can be imposed as a

condition of supervised release, as long as the combined term of

incarceration and home detention does not exceed the maximum term of

incarceration allowed." *Taylor*, 550 F. App'x at 821 (citations omitted).

Both of these cases suggest that the Court views home detention as a

form of imprisonment, pursuant to the Guideline provisions described

above. The First Circuit has explained why this is so:

> Home confinement is treated as a form of "custody" under
> federal law, *see* 18 U.S.C. § 3624(c)(2) (allowing placement in
> home confinement as "[p]rerelease custody"), and, indeed,
> "absconding from home confinement" can itself be a crime,
> *United States v. Ko*, 739 F.3d 558, 561 (10th Cir. 2014) (construing
> provision governing escape from federal custody, 18 U.S.C. §
> 751). Moreover, the Guidelines and federal statutes allow home
> confinement only as a substitute for incarceration. *See* 18 U.S.C.
> § 3583(e)(4) (stating that a court, when including a term of
> supervised release after imprisonment, may "order the
> defendant to remain at his place of residence during nonworking
> hours," but such an order "may be imposed only as an
> alternative to incarceration" (emphasis added)); *id*. § 3563(b)(19)
> (stating that home confinement during nonworking hours may
> be imposed as a condition of a sentence of probation "only as an
> alternative to incarceration" (emphasis added)); U.S.S.G. §
> 5C1.1(e)(3) (stating, under the heading "Schedule of Substitute
> Punishments": "[o]ne day of home detention for one day of
> imprisonment"); U.S.S.G. § 5F1.2 ("Home detention may be
> imposed as a condition of probation or supervised release, but
> only as a substitute for imprisonment." (Emphasis added)). Put
> simply, home confinement is a "unique" condition of release,

permissible only as a stand-in for imprisonment. *United States v. Ferguson*, 369 F.3d 847, 851 (5th Cir. 2004) (per curiam).

*United States v. Lopez-Pastrana*, 899 F.3d 13, 18-19 (1st Cir. 2018); *see also United States v. Minor*, 440 F. App'x 479, 486 n.2 (6th Cir. 2011) (describing the significant restrictions required by home detention). Courts across the country have concluded the same. *See, e.g.*, *United States v. Walker*, 918 F.3d 1134, 1150 (10th Cir. 2019) ("home confinement itself functions as an alternative to a period of incarceration in prison."); *United States v. Lewis*, 226 F. App'x 830, 830 (10th Cir. 2007) ("Because the term of home detention substitutes for an equal term of imprisonment, the total sentence imposed— ten months—is within the Guidelines range."); *United States v. Alvear*, 93 F. App'x 319, 320 (2d Cir. 2004) (holding that a required term of imprisonment of 4 to 10 months was satisfied when the defendant received six months of home detention); *United States v. T.M.*, 330 F.3d 1235, 1242 (9th Cir. 2003) (holding that if the defendant understood that he would be sentenced to 24 months, a sentence of 24 months in custody plus a 180-day period of home confinement violated his plea agreement); *United States v. Leaphart*, 98 F.3d 41, 43 (2d Cir. 1996) (noting that because the magistrate judge had sentenced the defendant to the statutory maximum term of one year of imprisonment, she could not also subject him to home detention during his supervised

13

release); *United States v. Hok Kwai Chau*, 101 F.3d 684, 1996 WL 266251, at *1 (2d Cir. 1996) (table) (where the guidelines range was 0-6 months, a sentence of five months in custody and five months on home detention was an upward departure); *United States v. Sykes*, 46 F.3d 869, 870 (8th Cir. 1995) (providing that the term of imprisonment could be satisfied by home detention); *United States v. Delloiacono*, 900 F.2d 481, 484 (1st Cir. 1990) ("Since November 1, 1989, 'home detention,' which also requires confinement, has been an authorized substitute for a term of imprisonment."); *United States v. Hernandez*, 2016 WL 316852, at *3 (S.D.N.Y. Jan. 26, 2016) (a required term of imprisonment could be satisfied by a term of home detention); *United States v. Givens*, 2006 WL 3390752, at *5 (D. Neb. Nov. 22, 2006) ("When home confinement is allowed, it substitutes for incarceration on a day-for-day basis."); *United States v. Montigue*, 357 F. Supp. 2d 939, 942-43 (E.D. Va. 2005) (sentencing the defendant to a mandatory minimum sentence that included a term of imprisonment to be served partially on home detention).

In addition to the applicable provisions of the Sentencing Guidelines, the language of § 1028A strongly indicates that the term may be served via a term of home detention. Specifically, § 1028A(b)(1) provides that "a court

14

shall not place on probation any person convicted of a violation of this section." 18 U.S.C. § 1028A(b)(1). Therefore, Congress expressly prohibited a defendant from being placed on probation, but did not prevent the Court from sentencing the defendant to home detention. The implication is clear— if Congress had wanted to prohibit a defendant from being sentenced to home detention, it would have written the statute to exclude that possibility. *See Cheng Fan Kwok v. INS*, 392 U.S. 206, 213 (1968) ("[I]f Congress had wanted to go that far, presumably it would have known how to say so.").

Moreover, § 1028A was enacted in 2004, long after the Guidelines were amended to allow a defendant to serve a term of imprisonment via home detention. *See* Public Law 108-275, 118 STAT. 831. Because Congress is presumed to be aware of the legal background in which it legislates, this strongly suggests that it did not intend to prevent a defendant from being sentenced to home imprisonment as form of imprisonment. *See Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000) ("[W]e readily presume that Congress knows the settled legal definition of the words it uses, and uses them in the settled sense.").

For all of these reasons, Mr. Pendergrass submits that the district court erred in refusing to consider a sentence of home confinement in this case.

15

This error was plain in light of the clear text of the Sentencing Guidelines. *See* U.S.S.G. § 5F1.2 (home detention may be imposed "as a condition of probation or supervised release, but only as a substitute for imprisonment"); § 5C1.1(e)(3) (the court may be substitute "[o]ne day of home detention for one day of imprisonment"). As such Mr. Pendergrass has demonstrated the first two prongs of the plain-error test.

> b. <u>The court's error affected Mr. Pendergrass' substantial rights.</u>

The sentencing court was charged with crafting a sentence that was sufficient but not greater than necessary 1) to reflect the seriousness of the offense, 2) to promote respect for the law, 3) to provide just punishment, 4) to afford adequate deterrence to criminal conduct, 5) to protect the public from further crimes of the defendant, and 6) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. 3553(a).

In determining the appropriate sentence, the court was permitted to consider 1) the nature and circumstances of the offense and the history and characteristics of the defendant, 2) the need for the sentence imposed, 3) the kinds of sentences available, 4) the sentencing range established for the applicable category of offense committed by the applicable category of

16

defendant, 5) any pertinent policy statement, 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 6) the need to provide restitution to any victims of the offense. 18 U.S.C. 3553(a).

In this case, the court considered the 3553(a) factors and determined that a less severe punishment was required based, at least in part, on Mr. Pendergrass' age, his work in the community, and the amount of time he had successfully spent on pretrial release waiting for his case to wind its way through the court. However, when it was asked to consider granting his request for home confinement or partial home confinement, the court dismissed the request as something that was not legally permitted. This mistaken belief affected the outcome of the proceedings because it resulted in a sentence that was more severe than would have otherwise been imposed had the court known it had the freedom to impose home confinement.

Indeed, the court indicated that it would have imposed a sentence of home confinement if it believed that was legally permissible. The court asked for authority to allow it to do so, (doc. 348 at 11), and indicated that it was only imposing a custodial sentence because "I have to," (*id.* at 11). (*See also id.* at 13 "I don't have any way of getting around the reality of the fact

17

that there is a mandatory sentence here."). The court was reluctant to impose this sentence, noting that, "I simply don't think there's much more to be achieved at this junction by a significant punishment." (*Id.*). Thus, it is clear from the record that the court would have imposed a sentence of only home confinement had it known that it had the authority to do so.

      c. <u>The court's error seriously affects the fairness and integrity of the sentencing hearing.</u>

The district court's finding that it could not consider home confinement as a sentencing option in this case seriously affected the fairness and integrity of this sentencing hearing. The Supreme Court has held that the "possibility of additional jail time" warrants "serious consideration in a determination whether to exercise discretion under Federal Rule of Criminal Procedure Rule 52(b) [because it] is crucial in maintaining public perception of fairness and integrity in the justice system that courts exhibit regard for fundamental rights and respect for prisoners 'as people.'" *Rosales-Mireles v. United States*, 585 U.S. 129, 139-40 (2018). While plain error relief should generally be granting sparingly, a decision remanding a case to the district court for resentencing "is far less burdensome than a retrial, or other jury proceedings, and thus does not demand such a high degree of caution." *Id.*

at 143. As such, this Court should exercise its discretion and find that Mr.

Pendergrass has established plain error.

## CONCLUSION

For the reasons articulated above, this Court should vacate Mr.

Pendergrass' sentence and remand for resentencing.

Respectfully submitted this 26th day of June 2025.

SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
404-433-0855

SYDNEY R. STRICKLAND
Sydney Rene Strickland
Strickland Webster, LLC
Suite 510-203
830 Glenwood Ave., S.E.
Atlanta, GA 30316
404-590-7967

## CERTIFICATE OF COMPLIANCE

This brief contains 3594 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

Respectfully submitted this 26th day of June 2025.

SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
404-433-0855

SYDNEY R. STRICKLAND
Sydney Rene Strickland
Strickland Webster, LLC
Suite 510-203
830 Glenwood Ave., S.E.
Atlanta, GA 30316
404-590-7967

20

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief was filed by uploading it with the Eleventh Circuit's Electronic Filing System which will automatically serve opposing counsel with the Brief.

Respectfully submitted this 26th day of June 2025.

SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
404-433-0855

SYDNEY R. STRICKLAND
Sydney Rene Strickland
Strickland Webster, LLC
Suite 510-203
830 Glenwood Ave., S.E.
Atlanta, GA 30316
404-590-7967

21